# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON GARCIA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, ARIK W. RUCHIM, GEORGE P. SCANLON, J. NORMAN STOUT, JOHN H. WEBER, <br><br> Defendants. | No. 1:15-cv-01385 TWP-TAB |
| MAXINE PHILLIPS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, ARIK W. RUCHIM, GEORGE P. SCANLON, J. NORMAN STOUT, JOHN H. WEBER, <br><br> Defendants. | No. 1:15-cv-01343-TWP-TAB |
| STEPHEN BUSHANSKY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> REMY INTERNATIONAL, INC., JOHN J. PITTAS, DOUGLAS K. AMMERMAN, KARL G. GLASSMAN, LAWRENCE F. HAGENBUCH, CHARLES G. MCCLURE, | No. 1:15-cv-01361-TWP-TAB |

ARIK W. RUCHIM, GEORGE P. SCANLON,
J. NORMAN STOUT, JOHN H. WEBER,

          Defendants.

## **PRELIMINARY APPROVAL ORDER**

Plaintiffs Jason Garcia, Maxine Phillips and Stephen Bushansky ("Plaintiffs") and defendants Remy International, Inc. ("Remy"), John J. Pittas, Douglas K. Ammerman, Karl G. Glassman, Lawrence F. Hagenbuch, Charles G. McClure, Arik W. Ruchim, George P. Scanlon, J. Norman Stout and John H. Weber (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to as the "Parties"), having applied for an Order approving the proposed settlement (the "Settlement") of the above-captioned actions (the "Actions") and for a judgment dismissing the Actions with prejudice and on the merits, in accordance with the terms and conditions of the Stipulation of Settlement entered into by the Parties and dated July 19, 2016 (the "Stipulation"), which is incorporated herein by reference (along with the defined terms therein) and which, together with the accompanying documents, sets forth the terms and conditions for the proposed Settlement of the Actions.

The Court having reviewed and considered the Stipulation and the accompanying documents, and all Parties having consented to the entry of this Order;

IT IS HEREBY ORDERED this 27th day of July, 2016, that:

1.    For purposes of the Settlement only, pending the Hearing (defined below), the Court preliminarily, for purposes of this Order, finds and concludes that:

    (a)    the Actions shall proceed pursuant to Federal Rule of Civil Procedure 23 as a non-opt-out class that includes any and all record and beneficial holders of Remy common stock, their respective successors in interest, successors, predecessors in interest,

predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Remy common stock at any time between and including July 13, 2015 and November 10, 2015, but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Remy, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Class");

  (b) Plaintiffs Jason Garcia, Maxine Phillips and Stephen Bushansky are preliminarily certified as Representatives of the Class; and

  (c) Plaintiffs' counsel Brodsky & Smith, LLC, WeissLaw, LLP and Faruqi & Faruqi, LLP are preliminarily certified as Co-Lead Counsel for the Class.

2. A fairness hearing shall be held on **November 2, 2016 at 2:00 p.m**. in Courtroom 344 before this Court (the "Hearing"), for the purposes of determining whether the Court should:

  (a) grant final approval of the proposed Settlement of the Actions on the terms and conditions provided for in the Stipulation;

  (b) find that the Settlement is fair, reasonable, adequate and in the best interest of the Class, and enter the Order and Final Judgment provided for in the Stipulation;

  (c) certify the Actions as a non-opt-out class action;

  (d) certify Plaintiffs Jason Garcia, Maxine Phillips and Stephen Bushansky as Representatives of the Class;

  (e) certify Plaintiffs' counsel Brodsky & Smith, LLC, WeissLaw, LLP and Faruqi & Faruqi, LLP as Co-Lead Counsel for the Class;

    (f)  consider the application of Plaintiffs' counsel for an award of attorneys' fees and expenses to be paid by Remy and/or its insurance carrier; and

    (g)  rule on such other matters as the Court may deem appropriate.

  3.  The Court may adjourn the Hearing (including consideration of the application for an award of attorneys' fees and expenses) without further notice to the Class other than by announcement at the Hearing of the adjournment. The Court may also approve the Settlement at or after the Hearing with such modification(s) as may be consented to by all Parties to the Stipulation and without further notice to the Class.

  4.  The Court approves, in form and content, the Notice of Pendency of Class Actions, Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") attached as Exhibit C to the Stipulation and finds that mailing and distribution of the Notice substantially in the manner set forth in paragraph 5 of this Order meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute full and adequate notice to all persons entitled thereto.

  5.  Within ten (10) days of the filing of the Stipulation of Settlement with the Court, Defendants shall serve notice of proposed Settlement upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq*. ("CAFA").

  6.  Not less than sixty (60) days before the Hearing, Remy shall be responsible for mailing a copy of the Notice to all members of the Class who were stockholders of record of Remy at any time during the Class Period (as shown on the stock records maintained by or on behalf of Remy). Remy shall use reasonable best efforts to give notice to beneficial owners of Remy's common stock by making additional copies of the Notice available to any record holder

requesting the same for the purpose of distribution to beneficial owners. The Notice shall be in writing and effected by first class U.S. mail. Remy and/or its insurance carrier will pay all costs and expenses incurred in providing the Notice, including the printing and copying of the Notice.

7. Not less than ten (10) days before the Hearing, Remy shall file with the Court an affidavit evidencing mailing of the Notice and service of the CAFA Notice with the Court.

8. At the Hearing, any member of the Class who desires to do so may appear personally or by counsel, and show cause, if any, why the Settlement of Plaintiffs' claims in the Actions should not be approved as fair, reasonable, adequate and in the best interest of the Class, why judgment should not be entered dismissing Plaintiffs' claims asserted against Defendants on the merits and with prejudice against Plaintiffs, and the Class, as determined by the Court, or why the Court should not grant an allowance of fees and expenses to Plaintiffs' counsel for their services herein and expenses incurred; provided, however, that, except for good cause shown, no person other than counsel for the named Plaintiffs and Defendants in the Actions shall be heard and no papers or briefs submitted by any such person shall be received and considered by the Court, unless, no later than fourteen (14) business days prior to the Hearing, such person files with the Court and serves upon counsel listed below copies of (a) a notice of intention to appear, (b) proof of membership in the Class, and (c) a written statement of such person's objection(s) to any matters before the Court and the grounds for such objections, and reasons that such person desires to appear and be heard. Such filings shall be served upon the following counsel:

If to Defendants:

Anne N. DePrez
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Phone: 317-236-1313
Facsimile: 317-231-7433

If to Plaintiffs:

Evan J. Smith
**BRODSKY & SMITH, LLC**
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004
(610) 667-6200 (phone)
(610) 667-9029 (fax)

Unless the Court otherwise directs, no member of the Class shall be entitled to object to approval of the Settlement, any judgment entered thereon, or any award of attorneys' fees and expenses to Plaintiffs' counsel, or otherwise be heard, except by serving and filing written objections and supporting papers as described above. Any person who fails to object in the manner provided above shall be deemed to have waived the right to object and shall forever be barred from making any such objection in this Actions or in any other action or proceeding.

9. The Parties shall file all papers in support of the Settlement and/or any application for an award of attorneys' fees and expenses no less than twenty-eight (28) days before the Hearing. The Parties shall file any Reply papers to any objections filed to the Settlement, the Order and Final Judgment to be entered in the Actions no less than seven (7) business days prior to the Hearing.

10. If the Settlement is approved by the Court following the Hearing, the judgment shall be entered in the form attached as Exhibit D to the Stipulation (the "Order and Final Judgment").

11. All proceedings in this Actions, except for such proceedings ordered by the Court with respect to approval of the Settlement, are stayed and suspended until further order of this Court, and no proceeding, except those incident to the Settlement, may be initiated. Pending final determination of whether the Settlement should be approved, Plaintiff and all members of the Class, either directly, representatively, derivatively, or in any other capacity, are barred and

enjoined from commencing, prosecuting, maintaining, instigating or in any way participating in promoting the commencement or prosecution of any action relating, directly or indirectly, to any Settled Claims against any Released Person.

12. In the event that: (a) the Court declines, in any respect (except for a disallowance or modification of the fees and expenses sought by Plaintiffs' Counsel), to enter the Order and Final Judgment provided for in the Stipulation and any one of the Parties hereto fails to consent to the entry of another form of order in lieu thereof; (b) the Court disapproves the Settlement proposed in the Stipulation, including any amendments thereto agreed upon by the Parties; or (c) the Court approves the Settlement proposed in the Stipulation or any amendment thereto approved by all of the Parties, but such approval is reversed or substantially modified on appeal and such reversal or modification becomes final by a lapse or time or otherwise; then, in any of such events, the Stipulation, the Settlement proposed therein (including any amendments thereof), any preliminary class certification herein, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become null and void and of no further force or effect, except for the obligation of Remy and/or its insurance carrier to pay for any expenses incurred in connection with providing the Notice as provided for in this Preliminary Approval Order. In that event, neither the existence of or the provisions contained in the Stipulation nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be deemed to prejudice in any way the respective positions of Plaintiffs or Defendants, including the right of Defendants to oppose the certification of the Class or any class in any future proceedings. Nor shall the existence of the provisions contained in the Stipulation be deemed a presumption, concession, or admission by Plaintiffs or Defendants of any fault, liability, or wrongdoing as to

any facts, claims, or defenses that have been or might have been alleged or asserted in the Actions, or any other action or proceeding and it shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions, or in any other action or proceeding, whether civil, criminal, or administrative, except for any litigation or proceeding arising out of or relating to the Stipulation, for any purpose other than as provided expressly in the Stipulation.

13. The Court retains jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement.

SO ORDERED:  7/27/2016

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to all
electronically
registered counsel of
record via CM/ECF.

{0019212/0001/00761826 v1}                    8